UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard D. Salters, II, | ) C/A No.  4:13-1182-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Lt. Joseph Cooper; | ) |
| Lake City Police Department; | ) |
| Orangeburg Sheriff's Department, | ) |
| Todd Tucker, and | ) |
| Karen Parott, | ) |
| | ) |
| Defendants. | |

_____

This matter comes before the Court upon remand from the District Court for further consideration in light of information provided by Plaintiff in his objections to the undersigned's initial Report and Recommendation filed June 18, 2013.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

In the Amended Complaint submitted in this case (ECF No. 10 and No. 12), Plaintiff sues a Lake City police officer, the police department he works for, the Assistant Solicitor assigned to his state case, and his court-appointed attorney in the state case, claiming that his civil rights are being violated by the continuing pendency of the state charges, *i.e.*, a Fourth Amendment "malicious prosecution" claim.  He asks this court to provide him something in writing to show that the

Defendants dismissed the state charges, alleging that Defendants know that he is innocent of the state charges, and that has already pleaded guilty to the federal charge that was entered against him following his arrest on the state charges. He also asks this court to award him damages allegedly arising from the continuing pendency of the pending state charges.

Plaintiff alleges that Defendant Cooper has a "personal vendetta" against him and that Cooper intentionally subjected Plaintiff to humiliation and personal injury (loss of wages, jail time) when he directed the Orangeburg County Sheriff's Department (unknown, unnamed officers) to arrest him at his work-site in June 2012.[1] Plaintiff asserts that all charges placed against him following this June 2012 arrest are supposed to be dropped because he pleaded guilty to the federal drug charges, but he states that he is being given conflicting information about that from his court-appointed counsel. He alleges that his defense counsel and the Assistant Solicitor in his case are working together and against him. Essentially, Plaintiff alleges that his federal constitutional rights under the Fourth and Fourteenth Amendment are being violated by the continuing pendency of the state charges, or, in other words, he asserts that he is being subjected to malicious prosecution by Defendants because he is innocent of the pending charges. Plaintiff asks this court to "get [him] something in writing" showing that the pending state charges are dismissed or that he is being given "full immunity." He also requests an award of $ 16,000,000.00 in damages.

In the Report previously filed, the undersigned recommended that Plaintiff's Amended Complaint be summarily dismissed because this court will not interfere with an on-going state criminal prosecutions and cannot force state prosecutors to dismiss pending state criminal charges,

---

[1]Some allegations by Plaintiff from his initial filing are provided by way of background.

and because the Amended Complaint was filed prematurely. The Court determined that insofar as Plaintiff asks this court to award damages or other relief to him based on allegedly unconstitutional activity on the part of the arresting police officer or his employer, the assigned Assistant Solicitor, and/or Plaintiff's own court-appointed counsel in connection with the ongoing state criminal prosecution against him based on the pending charges (the alleged malicious prosecution), the Amended Complaint is barred by the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994). In his objections to the Report, Plaintiff attached documentation suggesting that his state charges had all been dismissed and/or Nolle Prossed. Accordingly in light of this additional information, this case was remanded to the undersigned for further consideration.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F. 3d 630,

630n.1 (4th Cir. 2003).  Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Amended Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983.  To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color

4

of [State] statute, ordinance, regulation, custom, or usage." <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Plaintiff sues Defendant Todd Tucker whom Plaintiff identifies as being a prosecutor with the Florence County Solicitor's office. To the extent Defendant Tucker was acting as a prosecuting attorney, he is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. <u>See Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993); <u>Dababnah v. Keller-Burnside</u>, 208 F.3d 467 (4th Cir. 2000). To the extent that Plaintiff raises any allegations against this Defendant stemming from his role as a state prosecutor, he is entitled to summary dismissal.

Additionally, the Court notes the Complaint provides no specific factual allegations of any actions taken by Defendant Tucker during any of the events recited by Plaintiff. Rule 8(a) (2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. <u>Iqbal</u>, 556 U.S. at 678–79; <u>Twombly</u>, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. <u>Iqbal</u>, 556 U.S. at 679; <u>Twombly</u>, 550 U.S. at 555. Accordingly, Defendant Tucker is also subject to summary dismissal pursuant to <u>Iqbal</u>.

5

Plaintiff's claims as to Defendant Karen Parott arise from his dissatisfaction with her performance as his public defender with regards to his state criminal case. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980). The Defendant, a public defender appointed to act as Plaintiff's criminal defense counsel, is not a "person acting under color of state law" within the meaning of § 1983. See generally, Deas v. Potts, 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " Id. at 319 n. 9 (quoting In re Griffiths, 413 U.S. 717, 729, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973)). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty., 454 U.S. at 317–24 (1981) (public defender); Hall, 631 F.2d at 1155–56 (4th Cir.1980) (court-appointed attorney); Deas, 547 F.2d at 800 (4th Cir.1976) (private attorney); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Careful adherence to the 'state action' requirement ... also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir.1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). Defendant Parott is not

6

amenable to Plaintiff's § 1983 claim. Plaintiff's complaint as to Defendant Parott should be dismissed because she, as Plaintiff's public defender, has not acted "under color of state law" during her legal representation of Plaintiff.

As previously noted, to state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Lake City Police Department, a local police department, is an instrumentality of a municipality-not an independent entity-and thus not a "person" within the meaning of § 1983. Terrell v. City of Harrisburg Police Dep't, 549 F.Supp.2d 671, 686 (M.D.Pa.2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 510 (D.Conn.2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D.Tenn.2006) (concluding that "police departments are not 'bodies politic' " and therefore are not persons subject to action under § 1983). Accordingly, defendant Lake City Police Department is subject to summary dismissal from this action.

Finally, to the extent that Plaintiff seeks to sue Defendant Orangeburg Sheriff's Department,

it is subject to summary dismissal.[2]  Sheriff's Departments in South Carolina have repeatedly been held to be exempt from § 1983 liability, as they are considered state agencies. See, e.g., Carroll v. Greenville Cnty. Sheriff's Dep't, 871 F.Supp. 844, 846 (D.S.C.1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' " the state, such that a suit against the sheriff in his official capacity is a suit against the State."); see also Wirtz v. Oconee Cnty. Sheriff's Dep't, No. 8:13–1041–RMG, 2013 WL 5372795, at * (D.S.C. Sept.24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county.... Therefore Plaintiff's § 1983 claim for ... damages against the Sheriff's Department must be dismissed."); Ramos v. Berkeley Cnty., No. 2:11–3379–SB, 2012 WL 5292895 (D.S.C. Oct.25, 2012) ("[T]he law appears clear that overall in South Carolina, sheriff's departments are state agencies and not municipal departments."); Edwards v. Lexington Cnty. Sheriff's Dep't, 276 Va. 629, 668 S.E.2d 127, 127 n. 1 (S.C.2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees.").

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Defendants Lake City Police Department, Orangeburg Sheriff's Department, Todd Tucker, and Karen Parott from this case.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C.

---

[2]Orangeburg Sheriff's Department has been listed as a Defendant in the caption of the case by the Clerk's office.  Although Plaintiff listed Orangeburg Sheriff's Department in his initial Complaint, he does not name it as a Defendant in his Amended Complaint. However, out of an abundance of caution, the undersigned has addressed Defendant Orangeburg Sheriff's Department.

8

§ 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). In a separately-filed order, the undersigned is authorizing service of process upon Defendant Lt. Joseph Cooper.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 17, 2014
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).